**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VERONICA AVELLANEDA** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **WAL-MART STORES, INC. AND** | § | |
| **WAL-MART STORES TEXAS, LLC** | § | _____ |
| **DEFENDANT.** | § | |

## INDEX OF ATTACHED STATE COURT PLEADINGS AND FILING DATES

| | | | |
|---|---|---|---|
| A. | State Court Docket Sheet | | 10/04/18 |
| B. | Plaintiff's Original Petition and Request for Disclosure | | 08/17/18 |
| C. | Plaintiff's Letter to Court (Request for Service) | | 08/29/18 |
| D. | Civil Cover Sheet | | N/A |
| E. | Citation Issued to Wal-Mart Stores Texas, LLC | | 08/30/18 |
| F. | Service Return of Citation | | 09/14/18 |
| G. | Wal-Mart Stores Texas, LLC's Original Answer | | 09/24/18 |

# EXHIBIT A

## Case Information

DC-18-11330 | Veronica Avellaneda vs. WAL-MARTSTORES, INC, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-18-11330 | 116th District Court | PARKER, TONYA |
| File Date | Case Type | Case Status |
| 08/17/2018 | OTHER PERSONAL INJURY | OPEN |

## Party

PLAINTIFF
Avellaneda, Veronica

Active Attorneys ▾
Lead Attorney
GOULD, WESLEY
Retained

Work Phone
214-953-0182

Fax Phone
214-953-0185

DEFENDANT
WAL-MARTSTORES, INC

Address
REGISTERED AGENT. CT CORPORATION
SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

DEFENDANT
WAL-MART STORES TEXAS, LLC

Address
REGISTERED AGENT, CT CORPORATION
SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
DAVIS, DEREK
Retained

Work Phone
214-712-9500

Fax Phone

## Events and Hearings

08/17/2018 NEW CASE FILED (OCA) - CIVIL

08/17/2018 ORIGINAL PETITION ▾

ORIGINAL PETITION

08/29/2018 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

08/29/2018 CASE FILING COVER SHEET ▾

COVER SHEET

08/29/2018 ISSUE CITATION ▾

ISSUE CITATION

ISSUE CITATION

Comment
ESERVE

08/30/2018 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
09/14/2018

08/30/2018 CITATION ▾

Anticipated Server
ESERVE

Actual Server
PRIVATE PROCESS SERVER

Returned
09/14/2018

09/14/2018 RETURN OF SERVICE ▼

CITATION - WAL-MART STORES INC

Comment
CITATION - WAL-MART STORES INC

09/14/2018 RETURN OF SERVICE ▼

CITATION - WAL-MART STORES TEXAS LLC

Comment
CITATION - WAL-MART STORES TEXAS LLC

09/24/2018 ORIGINAL ANSWER - GENERAL DENIAL ▼

Avellaneda Wal-Mart Original Answer.pdf

Comment
DEFENDANT WAL-MART STORES TEXAS, LLC'S ORIGINAL
ANSWER TO PLAINTIFF'S ORIGINAL PETITION

# Financial

Avellaneda, Veronica

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $308.00 |
| | Total Payments and Credits | | | $308.00 |
| 8/20/2018 | Transaction Assessment | | | $292.00 |
| 8/20/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 53970-2018-DCLK | Avellaneda, Veronica | ($292.00) |
| 8/30/2018 | Transaction Assessment | | | $16.00 |

9/30/2018   CREDIT   Receipt   Avellaneda,   ($16.00)
            CARD -    #         Veronica
            TEXFILE   57345-
            (DC)      2018-
                      DCLK

WAL-MART STORES TEXAS, LLC
    Total Financial Assessment                    $40.00
    Total Payments and Credits                    $40.00

9/24/2018   Transaction                              $40.00
            Assessment

9/24/2018   CREDIT CARD   Receipt #   WAL-MART   ($40.00)
            - TEXFILE     63398-      STORES
            (DC)          2018-       TEXAS,
                          DCLK        LLC

## Documents

ORIGINAL PETITION

REQUEST FOR SERVICE

COVER SHEET

ISSUE CITATION

ISSUE CITATION

CITATION - WAL-MART STORES INC

CITATION - WAL-MART STORES TEXAS LLC

Avellaneda Wal-Mart Original Answer.pdf

# EXHIBIT B

FILED
DALLAS COUNTY
8/17/2018 3:04 PM
FELICIA PITRE
DISTRICT CLERK

Marcus Turner

DC-18-11330

CAUSE NO. _____

| | | |
|---|---|---|
| **VERONICA AVELLANEDA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | <u>F-116th</u> **JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES, INC. AND** | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE:

NOW COMES Veronica Avellaneda ("Plaintiff"), in the above-numbered and styled cause, complaining of Defendants Wal-Mart Stores, Inc. ("Wal-Mart") and Wal-Mart Stores Texas, LLC ("Wal-Mart Texas," and collectively, "Defendants"), and files this their Original Petition and Request for Disclosure, and for cause of action would respectfully show the Court as follows:

### I.    DISCOVERY & NATURE OF CASE

1.    Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure pending the submission of an agreed scheduling order by the parties and approval and entry of the order by the Court.

2.    Plaintiff brings this action as a business invitee to recover for the damages she sustained as a direct and proximate result of Defendants' failure to use ordinary care to protect her from dangers which Defendants knew, or should have known, existed on their premises at the time of her injury.

### I.    CLAIMS FOR RELIEF

---

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE- PAGE 1**

7.     Plaintiffs seeks monetary relief of over $200,000.00, but not more than $1,000,000.00.

## II.     NOTICE OF INTENT

8.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, all parties are hereby on notice that Plaintiff intends to utilize any and all items or things produced in discovery at trial or any matter which requires Plaintiff to prove the authenticity of evidence produced.

## II.     PARTIES

3.     Plaintiff Veronica Avellaneda is a resident of Dallas, Dallas County, Texas. The last three digits of Plaintiff Veronica Avellaneda's driver's license are 328. The last three digits of Plaintiff Michelle Firmin's social security number are 692.

4.     Defendant Wal-Mart Stores, Inc. is a foreign for-profit corporation duly authorized to do business in the State of Texas, and may be served with process by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5.     Defendant Wal-Mart Stores Texas, LLC is a foreign limited liability company duly authorized to do business in the State of Texas, and may be served with process by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.     VENUE AND JURISDICTION

6.     Venue is proper in Dallas County, Texas in that the events giving rise to this cause of action and claims in this lawsuit occurred in Dallas County, Texas.

7.     Jurisdiction is proper in that the damages sought well exceed the minimum jurisdictional limits of the Court.

## IV.     FACTS

8.      Defendants own and operate the Wal-Mart Supercenter ("Store 5147") located at 1521 N Cockrell Hill Rd., Dallas, Texas 75211.

9.      At all times mentioned herein, Ms. Avellaneda was Defendants' business invitee at Store 5147.

10.     Ms. Avellaneda visited Store 5147 on the afternoon of August 19, 2016.

11.     Ms. Avellaneda selected her items and returned to the front of the store to check out. Among the items she intended to purchase was a set of twenty-five lbs. dumbbells. Ms. Avellaneda put her items on the conveyer and the cashier scanned and returned them to the cart. However, when doing so the cashier stacked the two weights in the top compartment of the shopping cart. This area normally reserved for a young child, had openings for an infant or toddlers' legs. The cashier did not put up a flap which would have prevented items from slipping through the leg holes.

12.     Ms. Avellaneda paid the cashier and proceeded out of the front of the store. Ms. Avellaneda was carrying her child in one hand and pushing her shopping cart with the other. As soon as she exited Sore 5147, the cart hit a bump and the dumbbells flew out of the shopping cart, landing on Ms. Avellaneda's left foot causing injury.

## V.      CAUSES OF ACTION

### COUNT 1: NEGLIGENCE

13.     Plaintiff adopts and incorporates paragraphs 1-12 above and alleges that Defendants were negligent in one or more of the following respects:

a)      In failing to warn Ms. Avellaneda of an unreasonably dangerous condition existing in an area of Store 5147 under Defendants' control;

b)      In failing to place a known heavy object in the main compartment of the basket, thereby preventing an injury of this nature;

c)      In creating an unreasonably dangerous condition by placing a known heavy object in an unsafe part of the basket; and

d)      In failing to correct lift the leg flap on the basket which would have prevented the dumbbell from falling on Plaintiff's foot.

14.      Each of these acts and omissions, whether taken singularly or in combination, constituted negligence by Defendants and is the proximate cause of the incident made the basis of this suit and the injuries and damages sustained by Plaintiff.

## VI.      DAMAGES

15.      As a direct and proximate cause of Defendants' negligence, Ms. Avellaneda sustained severe bodily injuries which included, but are not limited to a: a broken foot requiring surgical intervention and years of therapy.  The injuries mentioned have had an adverse effect on Ms. Avellaneda's health and well-being. Further, she has experienced physical pain and suffering, physical impairment, and mental anguish. In all reasonable probability, she will continue to suffer in this manner into the future, if not for the balance of her natural life.

16.      Ms. Avellaneda has incurred past medical expenses, which exceed the minimum jurisdictional limits of the court, and, in all reasonable likelihood, she will continue to incur future medical expenses as a result of her injuries.

## VII.      JURY DEMAND

17.      Plaintiffs hereby demand trial by jury.

## VIII.   REQUEST FOR DISCLOSURE

18.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## IX.     PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiff have and recover judgment against the Defendants for past and future medical expenses, past and future physical pain and suffering, past and future emotional distress and mental anguish, loss of consortium, pre-judgment and post-judgment interest in the highest lawful rate, and any further relief both at law and in equity to which Plaintiffs may be justly entitled.

Respectfully Submitted,

ROCHELLE MCCULLOUGH, L.L.P.

By: */s/ Wesley H. M. Gould*
    Gregory H. Bevel
    State Bar No. 02275800
    greg.bevel@romclawyers.com
    Wesley H. M. Gould
    State Bar No. 24095214
    wgould@romclaw.com
    325 N. St. Paul Street
    Suite 4500
    Dallas, Texas 75201
    (214) 953-0182 Telephone
    (214) 953-0185 Facsimile

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT C

2-CIT-ESERVE

FILED
DALLAS COUNTY
8/29/2018 2:57 PM
FELICIA PITRE
DISTRICT CLERK
Marcus Turner

R O
M C    ROCHELLE · McCULLOUGH
L A W Y E R S

**GREGORY H. BEVEL,\*PARTNER**
**WESLEY H. M. GOULD, ASSOCIATE**
**CHRISTY A. RAMOS, PARALEGAL**

\*Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization

**Email:**
greg.bevel@romclaw.com
wgould@romclaw.com
cramos@romclaw.com

**Direct:**
(214) 580-2508
(214) 580-2570
(214) 580-2507

August 20, 2018

**VIA E-FILE**
Clerk of the Court
Judicial District
Dallas County

RE:    Avellaneda v. Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC
       Cause No. DC-18-11330

Dear Clerk of the Court:

Plaintiff filed their original Petition and Request for Discovery on August 17, 2018. We are requesting the court to issue the following citations:

**Defendant:    Wal-Mart Stores, Inc.**
**CT Corporation System**
**1999 Bryan Street, Suite 900**
**Dallas, Texas 75201-3136**

**Defendant:    Wal-Mart Stores Texas, LLC**
**CT Corporation System**
**1999 Bryan Street, Suite 900**
**Dallas, Texas 75201-3136**

Please email the citation to Wesley Gould at wgould@romclaw.com.

If you have any questions, please feel free to contact me. Thank you for your help.

Sincerely,

/s/ Christy Ramos

Christy Ramos
Paralegal

# EXHIBIT D

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED  VERONICA AVELLANEDA V. WAL-MART STORES, INC. AND WAL-MART STORES TEXAS, LLC
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Greg H. Bevel
Email: greg.bevel@romclaw.com
Address: 325 N. Saint Paul St. Ste.4500
Telephone: 214-953-0182
City/State/Zip: Dallas, Texas 75201
Fax: 214-953-0185
Signature: _____
State Bar No: 02275800

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Veronica Avellaneda

Defendant(s)/Respondent(s): Wal-Mart Stores, Inc. and   Wal-Mart Stores Texas, LLC

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
[X] Attorney for Plaintiff/Petitioner
[ ] *Pro Se* Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil** — **Family Law**

**Contract**
*Debt/Contract*
[ ] Consumer/DTPA
[ ] Debt/Contract
[ ] Fraud/Misrepresentation
[ ] Other Debt/Contract:
*Foreclosure*
[ ] Home Equity—Expedited
[ ] Other Foreclosure
[ ] Franchise
[ ] Insurance
[ ] Landlord/Tenant
[ ] Non-Competition
[ ] Partnership
[ ] Other Contract:

**Injury or Damage**
[ ] Assault/Battery
[ ] Construction
[ ] Defamation
*Malpractice*
[ ] Accounting
[ ] Legal
[ ] Medical
[ ] Other Professional Liability:
[ ] Motor Vehicle Accident
[X] Premises
*Product Liability*
[ ] Asbestos/Silica
[ ] Other Product Liability List Product:
[ ] Other Injury or Damage:

**Real Property**
[ ] Eminent Domain/ Condemnation
[ ] Partition
[ ] Quiet Title
[ ] Trespass to Try Title
[ ] Other Property:

**Related to Criminal Matters**
[ ] Expunction
[ ] Judgment Nisi
[ ] Non-Disclosure
[ ] Seizure/Forfeiture
[ ] Writ of Habeas Corpus— Pre-indictment
[ ] Other:

**Marriage Relationship**
[ ] Annulment
[ ] Declare Marriage Void
*Divorce*
[ ] With Children
[ ] No Children

**Other Family Law**
[ ] Enforce Foreign Judgment
[ ] Habeas Corpus
[ ] Name Change
[ ] Protective Order
[ ] Removal of Disabilities of Minority
[ ] Other:

**Post-judgment Actions (non-Title IV-D)**
[ ] Enforcement
[ ] Modification—Custody
[ ] Modification—Other
**Title IV-D**
[ ] Enforcement/Modification
[ ] Paternity
[ ] Reciprocals (UIFSA)
[ ] Support Order

**Parent-Child Relationship**
[ ] Adoption/Adoption with Termination
[ ] Child Protection
[ ] Child Support
[ ] Custody or Visitation
[ ] Gestational Parenting
[ ] Grandparent Access
[ ] Parentage/Paternity
[ ] Termination of Parental Rights
[ ] Other Parent-Child:

**Employment**
[ ] Discrimination
[ ] Retaliation
[ ] Termination
[ ] Workers' Compensation
[ ] Other Employment:

**Other Civil**
[ ] Administrative Appeal
[ ] Antitrust/Unfair Competition
[ ] Code Violations
[ ] Foreign Judgment
[ ] Intellectual Property
[ ] Lawyer Discipline
[ ] Perpetuate Testimony
[ ] Securities/Stock
[ ] Tortious Interference
[ ] Other:

**Tax** — **Probate & Mental Health**
[ ] Tax Appraisal
[ ] Tax Delinquency
[ ] Other Tax

*Probate/Wills/Intestate Administration*
[ ] Dependent Administration
[ ] Independent Administration
[ ] Other Estate Proceedings
[ ] Guardianship—Adult
[ ] Guardianship—Minor
[ ] Mental Health
[ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
[ ] Appeal from Municipal or Justice Court
[ ] Arbitration-related
[ ] Attachment
[ ] Bill of Review
[ ] Certiorari
[ ] Class Action
[ ] Declaratory Judgment
[ ] Garnishment
[ ] Interpleader
[ ] License
[ ] Mandamus
[ ] Post-judgment
[ ] Prejudgment Remedy
[ ] Protective Order
[ ] Receiver
[ ] Sequestration
[ ] Temporary Restraining Order/Injunction
[ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[X] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

Rev 2/13

# EXHIBIT E

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**WAL-MART STORES TEXAS, LLC**
**REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **Veronica Avellaneda**

Filed in said Court  **17th day of August, 2018** against

**WAL-MART STORES TEXAS, LLC AND WAL-MART STORES, INC**

For Suit, said suit being numbered <u>**DC-18-11330,**</u> the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition**REQUEST FOR ADMISSION, REQUEST FOR DISCLOSURE, REQUEST FOR FIRST SET OF INTERROGATORIES, AND REQUEST  FOR PRODUCTION.**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.
WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of August, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
SACHEEN ANTHONY



**ESERVE**

CITATION

DC-18-11330

**Veronica Avellaneda**
**vs.**
**WAL-MARTSTORES, INC, et al**

ISSUED THIS
**30th day of August, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SACHEEN ANTHONY, Deputy

**Attorney for Plaintiff**
WESLEY GOULD
WGOULD@R0MCLAW.COM.
325 N ST PAUL STREET
SUITE 4500
DALLAS TX  75201
214-953-0182

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

## OFFICER'S RETURN

Case No. : DC-18-11330

Court No.116th District Court

Style: Veronica Avellaneda

vs.

WAL-MARTSTORES, INC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____     _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT F

FILED
DALLAS COUNTY
9/14/2018 5:43 PM
FELICIA PITRE
DISTRICT CLERK

Daniel Macias

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

    **WAL-MART STORES, INC**
    **REGISTERED AGENT CT CORPORATION SYSTEM**
    **1999 BRYAN STREET SUITE 900**
    **DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **Veronica Avellaneda**

Filed in said Court  **17th day of August, 2018** against

**WAL-MART STORES TEXAS, LLC AND WAL-MART STORES, INC**

For Suit, said suit being numbered **DC-18-11330,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition**REQUEST FOR ADMISSION, REQUEST FOR DISCLOSURE, REQUEST FOR FIRST SET OF INTERROGATORIES, AND REQUEST  FOR PRODUCTION.,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.
WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of August, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    SACHEEN ANTHONY



---

### ESERVE

CITATION

DC-18-11330

Veronica Avellaneda
vs.
WAL-MARTSTORES, INC, et al

ISSUED THIS
**30th day of August, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SACHEEN ANTHONY, Deputy

---

**Attorney for Plaintiff**
WESLEY GOULD
WGOULD@R0MCLAW.COM.
325 N ST PAUL STREET
SUITE 4500
DALLAS TX  75201
214-953-0182

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

**OFFICER'S RETURN**

Case No. : DC-18-11330

Court No.116th District Court

Style: Veronica Avellaneda

vs.

WAL-MART STORES, INC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ 125.00 | |
| For mileage | $_____ | of_____County,  _____ |
| For Notary | $_____ | By_____Deputy |
| | (Must be verified if served outside the State of Texas.) | |

Signed and sworn to by the said_____before me this_____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

CAUSE NO. DC-18-11330

| | | |
|---|---|---|
| VERONICA AVELLANEDA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| VS. | § | 116TH JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC AND | § | |
| WAL-MART STORES, INC | § | |
| | § | |
| **Defendant(s).** | § | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to my hand on **Friday, August 31, 2018 at 1:15 PM,**
Executed at: **1999 BRYAN ST. SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at 12:35 PM, on **Tuesday, September 4, 2018,**
by individually and personally delivering to the within named:

### WAL-MART STORES, INC

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its **Authorized Agent, TERRI THONGSAVAT**
a true copy of this

### CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR ADMISSION, REQUEST FOR DISCLOSURE, REQUEST FOR FIRST SET OF INTERROGATORIES, AND REQUEST FOR PRODUCTION

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Steven J. Treni** who after being duly sworn on oath states: "My name is **Steven J. Treni.** I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

By:  _____

Steven J. Treni - PSC 1912 - Exp 4/30/19
PO Box 801811 Dallas, Texas 75380

Subscribed and Sworn to by Steven J. Treni, Before Me, the undersigned authority, on this
_____ day of September, 2018.

Notary Public in and for the State of Texas

KATHEREN LYN MARTINEZ
My Commission Expires
May 6, 2019

# EXHIBIT G

FILED
DALLAS COUNTY
9/24/2018 8:32 AM
FELICIA PITRE
DISTRICT CLERK

Lafonda Sims

CAUSE NO. DC-18-11330

| | | |
|---|---|---|
| VERONICA AVELLANEDA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 116TH JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES, INC. AND | § | |
| WAL-MART STORES TEXAS, LLC | § | DALLAS COUNTY, TEXAS |
| Defendant. | § | |

---

## DEFENDANT WAL-MART STORES TEXAS, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, WAL-MART STORES TEXAS, LLC ("Defendant") (incorrectly named Wal-Mart Stores, Inc.) in the above-styled and numbered cause, and files this Original Answer, and in support hereof would respectfully show unto the Court the following.

### I.

### GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

---

**DEFENDANT'S ORIGINAL ANSWER**                                                    **Page 1 of 5**

D/992497v1

## II.

## <u>AFFIRMATIVE DEFENSES</u>

2.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove his loss of earning and/or loss of earning capacity in the form which represents his net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. Tex. Civ. Prac. & Rem. Code Sec. 18.091. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

3.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the Texas Rules of Civil Procedure, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

4.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to his medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Sec. 41.0105. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

5.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEX. CIV. PRAC. & REM. CODE Chapter 33, which may bar any

recovery by Plaintiff, or may in the alternative, reduces the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

6. Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that his failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff.  Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit.  Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

7. Pleading further, and in the affirmative, the injuries plead by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including pre-existing conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

8. Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation.  Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

9. Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

11.     Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in §304.101 of the TEXAS FINANCE CODE and §41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

12.     Pleading further, if necessary, Plaintiff failed to mitigate his damages which may have resulted from the occurrence made the basis of this lawsuit.

13.     Pleading further, if necessary, Defendant states that the alleged occurrence, incident, event or accident made the basis of this suit may have been caused by the negligence of a third party or third parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident made the basis of this suit and of the alleged damages to Plaintiff.

14.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

## V.

## <u>DEMAND FOR JURY TRIAL</u>

16. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant herby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

---

**DEFENDANT'S ORIGINAL ANSWER**                                                      **Page 4 of 5**

D/992497v1

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:      */s/ Derek Davis*
       **DEREK S. DAVIS**
       Texas Bar No. 00793591
       Email:  Derek.Davis@CooperScully.com
       **S. HUNTER WALTON**
       Texas Bar No. 24106548
       Email:  Hunter.Walton@CooperScully.com

900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September 2018, a true and correct copy this document was served on counsel of record via Eservice as follows:

Wesley H. M. Gould
Gregory H. Bevel
ROCHELLE MCCULLOUGH, LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
wgould@romclaw.com
greg.bevel@romclawyers.com

       */s/ Derek Davis*
       **DEREK S. DAVIS**